UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 0:14-149-EBA

CARLA JO KISER,                                                                            PLAINTIFF,

V.                          **MEMORANDUM OPINION
AND ORDER**

CAROLYN W. COLVIN,
*Commissioner of Social Security*,                                    DEFENDANT.

I.  INTRODUCTION

Plaintiff, Carla Jo Kiser, brought this action under 42 U.S.C. § 405(g) to obtain judicial review of the Commissioner's decision to deny her application for disability insurance benefits and supplemental security income benefits. [R. 12-1 at 1]. Upon consent of the parties, this matter has been referred to the undersigned to conduct all proceedings and order the entry of final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. [R. 15]. For the reasons set forth herein, Plaintiff's Motion for Summary Judgment [R. 12] shall be denied, Defendant's Motion for Summary Judgment [R. 16] shall be granted, and Judgment shall be entered affirming the final decision of the Commissioner.

II.  FACTUAL BACKGROUND & PROCEDURAL HISTORY

Plaintiff was born in 1967. [Tr. at 135]. She has a high-school education and has worked as a meat packer, sandwich maker, night-stock clerk, prep cook, and cashier. [Tr. at 77-78]. In her Disability Report, Form SSA-3368, Plaintiff claimed her work ability was limited due to depression and bipolar disorder. [Tr. at 315]. Thus, Plaintiff filed for disability insurance benefits and

supplemental security income on July 20, 2012. [Tr. at 69]. The Social Security Administration denied her claims initially and upon reconsideration. [Tr. at 69]. After denial of her claims, she requested a hearing before an administrative law judge ("ALJ"). [Tr. at 69]. Subsequently, she testified at a video hearing held on February 11, 2014 before ALJ Michele M. Kelley. [Tr. at 81]. At the hearing, Plaintiff was represented by counsel, William G. Arnett. [Tr. at 69]. During the hearing, the ALJ also heard testimony from David Asher Burnhill, a vocational expert. [Tr. at 69].

The ALJ ruled against Plaintiff in a written decision dated February 24, 2014. [Tr. at 66-81]. In her decision, the ALJ found that Plaintiff suffered from the severe impairments of "depression, anxiety and substance abuse (20 C.F.R. 404.1520(c) and 416.920(c))." [Tr. at 71]. Despite these conditions, the ALJ determined that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526)." [Tr. at 72]. Continuing with her evaluation, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with certain nonexertional limitations, and she set forth her specific limitations in her opinion. [Tr. at 73]. Further, the ALJ noted that Plaintiff was able to perform past relevant work. [Tr. at 77]. Based on these findings, the ALJ concluded that Plaintiff was not under a "disability" as defined by the Social Security Act. [Tr. at 80]. Following the adverse decision of the ALJ, Plaintiff properly exhausted her administrative remedies by appealing to the Social Security Appeals Council, which denied her request for review. [Tr. at 1-6].

On October 13, 2014, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision. [R. 1]. In her Motion for Summary Judgment [R. 12], Plaintiff sets forth

multiple arguments for reversal of the ALJ's opinion. Defendant responds that the ALJ's opinion should be affirmed, as it is supported by substantial evidence. [R. 16]. The case is now ripe for review.

### III . STANDARD OF REVIEW

A reviewing court must uphold the findings of the ALJ if they are supported by substantial evidence. 42 U.S.C. § 405(g)(2006); see also Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981). The Sixth Circuit has held that "substantial evidence exists when a reasonable mind might accept the relevant evidence as adequate to support a conclusion." Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004) (internal citations and quotation marks omitted). The scope of judicial review is limited to the record itself, and the reviewing court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1993).

The limited nature of substantial evidence review prevents the reviewing court from substituting its judgment for that of the ALJ. Rather, so long as substantial evidence exists, the reviewing court should affirm the ALJ's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion." Longworth v. Comm'r Soc. Sec. Admin., 402 F.3d 591, 595 (6th Cir. 2005) (internal citations and quotation marks omitted). Sixth Circuit precedent suggests that a finding of "no substantial evidence" would be appropriate in situations where the ALJ ignores uncontested, compelling evidence for one side, makes no express findings on witness credibility and makes a ruling based on facts with "little if any evidentiary value." Noe v. Weinberger, 512 F.2d 588 (6th Cir. 1975); see also Glass v. Sec'y of Health, Educ. & Welfare, 517 F.2d 224 (6th Cir. 1975). Otherwise, if there is substantial evidence to support the ALJ's

decision, "it must be affirmed even if the reviewing court would decide the matter differently." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994).

## IV. ANALYSIS

In the present action, the Plaintiff alleges three different errors by the ALJ. Specifically, Plaintiff asserts that:

1. The ALJ erred by failing to properly consider all of Plaintiff's impairments in determining Plaintiff's residual functional capacity ("RFC").

2. The ALJ erred by relying on non-examining, state-agency physicians rather than on Plaintiff's examiners.

3. The ALJ erred by relying on answers to improper hypothetical questions to the vocational expert.

Each issue raised by Plaintiff will be considered, in turn, below.

### A. Consideration of Plaintiff's Impairments

The Plaintiff argues that the ALJ failed to properly consider the combined effects of the Plaintiff's impairments. [R. 12-1 at 8-10]. More specifically, the Plaintiff asserts that her alleged physical impairments were not given proper consideration. [R. 12-1 at 8]. The Plaintiff correctly notes that the regulations expressly require the ALJ to consider the combined effects of any impairments suffered by a claimant. 20 C.F.R. § 404.1523; Walker v. Sec'y of Health & Hum. Servs., 901 F.2d 1306, 1310 (6th Cir. 2007). However, the undersigned finds that the ALJ fulfilled this requirement, by addressing all of the Plaintiff's alleged physical and mental impairments in her opinion. [See Tr. at 71-77].

The Sixth Circuit Court of Appeals has held, "[a]n ALJ's individual discussion of multiple impairments does not imply that she failed to consider the effect of the impairments in combination."

4

Loy v. Sec'y of Health & Hum. Servs., 901 F.2d 1306, 1310 (6th Cir. 1990); see also Despins v. Comm'r of Soc. Sec., 257 F. App'x 923, 931 (6th Cir. 2007). Multiple aspects of the ALJ's report demonstrate that the ALJ properly considered the combined effect of the Plaintiff's impairments. For example, despite analyzing the Plaintiff's impairments separately, the ALJ noted that he found that no "combination of impairments" met the listings for disability. [Tr. 72]. Further, the ALJ expressly reviewed the Plaintiff's mental impairments [Tr. 72-77] and physical impairments [Tr. 72].

Concerning the Plaintiff's alleged physical impairments, the ALJ observed that, despite various diagnoses, examination results throughout the record showed no functional limitations. [Tr. at 72]. The ALJ did not include physical impairments in the Plaintiff's residual functional capacity, or hypothetical questions, because she expressly found that the alleged physical impairments "either singly or in combination do not prevent the claimant from performing normal activities or daily living . . . ." [Tr. at 72]; see Foster v. Halter, 279 F.3d 348, 356 (6th Cir. 2001) (stating that the ALJ is only required to incorporate limitations that she finds credible). In sum, the ALJ complied with the regulations by considering the combined effects of all of the Plaintiff's mental and physical impairments, and the Plaintiff's argument to the contrary is without merit.

B. Medical Opinions

Plaintiff contends that the ALJ failed to properly weigh several of the medical opinions of record. More specifically, Plaintiff argues that the ALJ failed to accord sufficient weight to the opinions of the Plaintiff's examiners, and accorded too much weight to the opinions of non-examining, state-agency physicians. [R. 12-1 at 10-12]. As discussed below, Plaintiff's arguments regarding the ALJ's consideration of the medical opinions at issue do not withstand scrutiny.

Plaintiff contends that the ALJ erred in rejecting the opinion of Dr. Haziq, a medical doctor, as Haziq had an opportunity to examine Plaintiff. Haziq opined that Plaintiff could lift/carry ten pounds and occasionally lift/carry twenty pounds; could sit, stand, or walk no more than thirty minutes at a time; could sit for four hours, stand for two hours, and walk for two hours; had manipulative limitations in her hands and feet; could never climb ladders or scaffolds; could occasionally climb stairs and ramps, balance, stoop, kneel, crouch, and crawl; had a variety of environmental limitations; and could not travel without a companion. [Tr. at 764-69].

Generally, the regulations require an ALJ to give more weight to the opinion of an examining source. 20 C.F.R. § 404.1527(c)(1). However, an ALJ still must evaluate examining sources' opinions to determine whether the opinions are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(3)-(6). Thus, an ALJ may assign less weight to unsupported and inconsistent opinions.

In reviewing Haziq's opinion, the ALJ took notice that Haziq's treatment notes reflected relatively normal physical examinations. [Tr. at 72] ("Examination of the dorsolumbar spine revealed normal curvature. There was no pain, tenderness, or spasm in the lower back."). The ALJ also noted that Haziq's conclusions were inconsistent with Haziq's own objective findings. [Tr. at 79]. As Haziq's opinion was unsupported and inconsistent, the ALJ did not error by discounting Haziq's opinion regarding Plaintiff's limitations.[1] See 20 C.F.R. § 404.1527(c)(3)-(6).

Additionally, Plaintiff asserts that the ALJ erred in her evaluation of Brittany Shaw's opinion,

---

[1] The ALJ only discounted that portion of Haziq's opinion relating to Plaintiff's limitations. In fact, the ALJ gave great weight to Haziq's conclusion that Plaintiff had no severe physical impairments. [Tr. at 72].

6

but she fails to provide any basis for her claim other than referring to the fact that Shaw was an examining source. [R. 12-1 at 10-11]. Shaw, a psychologist, opined that Plaintiff had moderate limitations in her ability to understand, remember, and carry out instructions toward the performance of simple tasks; had marked limitations in her ability to tolerate stress and the pressure of day-to-day employment; moderate limitations in her ability to sustain attention and concentration; and marked limitations in her ability to respond appropriately to supervisors, coworkers, and pressures in the work setting. [Tr. at 752].

In reviewing Shaw's opinion, the ALJ specifically noted that Shaw's limitations were not supported by her own report. [Tr. at 76]. Indeed, Shaw's examination showed that Plaintiff had no difficulty with concentration tests, her recall and memory were normal, and she was cooperative and oriented. [Tr. at 749-51]. Thus, the ALJ's reasons for giving Shaw's opinion no significant weight are clearly and specifically provided, and they are supported by substantial evidence. [See, e.g., Tr. at 666, 722, 780, 785, 790, 796, 801, 815] (reflecting that Plaintiff's depression responded well to treatment and her psychiatric assessments were normal). The Court finds no error in the ALJ's evaluation of Shaw's opinion.

Similarly, the Court finds no error in the ALJ's weighing of the opinions of state-agency physicians Drs. Clay and Cutler. Dr. Cutler assessed that Plaintiff could understand, remember, and carry out simple and detailed instructions; sustain attention for extended periods of two-hour segments for detailed tasks; tolerate coworkers and supervisors with occasional interaction with the public; and adapt to routine changes as needed within these parameters. [Tr. at 141-43]. Dr. Clay agreed with this assessment. [Tr. at 165-67].

Plaintiff takes issue with the opinions of Drs. Clay and Cutler because they were rendered

prior to Ms. Shaw's opinion. [R. 12-1 at 11-12]. However, the opinions of the two state-agency physicians are supported by evidence throughout the record of Plaintiff's normal mood, affect, and behavior. [See, e.g., Tr. at 418, 422, 426, 429-30, 434-35, 438, 441-42, 444, 447, 451, 458]. Further, "[s]tate agency medical and psychological consultants . . . are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation." 20 C.F.R. § 404.1527(e)(2)(I). As such, the ALJ was entitled to rely on their opinions. See 20 C.F.R. § 404.1527(c)(3)-(6) (explaining that ALJ may assign weight to opinions that are "not inconsistent with the other substantial evidence in [the] case record"); [Tr. at 76]. Accordingly, the Court finds no error in the weighing of the medical opinion evidence.

### C. Hypothetical Questions to the Vocational Expert

Plaintiff's third argument is that the ALJ should have relied on the vocational expert's response to the hypothetical questions posed by Plaintiff's counsel rather than a less restrictive hypothetical posed by the ALJ herself. [R. 12-1 at 13]. In response to the ALJ's hypothetical, which was based on the ALJ's assessment of Plaintiff's RFC, the vocational expert identified examples of jobs Plaintiff could perform, including Plaintiff's "past work as material handler, night stocker, office helper, prep cook, and meat packer." [Tr. at 78]. However, in response to the severest of Plaintiff's counsel's more restrictive hypothetical questions, which included additional limitations based on Dr. Haziq's opinions, the vocational expert indicated that Plaintiff would not be capable of performing any competitive employment. [Tr. at 131].

As previously explained, the ALJ found that Haziq's opinions were not consistent with the overall medical record. In questioning a vocational expert regarding a claimant's impairment, the ALJ is not required to include conditions that she finds to be inconsistent with the record as a whole.

Foster, 279 F.3d at 356 (6th Cir. 2001); see also Casey v. Sec'y of Health & Human Servs., 978 F.2d 1230, 1235 (6th Cir. 1993) (noting that the ALJ is required to incorporate only those limitations that she finds to be credible).

Nonetheless, Plaintiff claims that the ALJ should have relied on Haziq's limitations in her questions to the vocational expert because the ALJ purported to give great weight to Haziq's opinion. [R. 12-1 at 13]. However, as previously noted, the ALJ gave great weight only to the portion of Haziq's opinion that found Plaintiff did not suffer from severe impairments. See supra note 1. Plaintiff has not cited any law indicating that an ALJ cannot rely on some portions of an examiner's opinion while rejecting others. Indeed, the contrary proposition is supported in case law. See Szapowal v. Comm'r of Soc. Sec. Admin., No. 1:13-CV-02078, 2015 WL 770327, at *5 (N.D. Ohio Feb. 23, 2015) (approving of ALJ giving great weight to some portions of a doctor's opinion and rejecting other portions). In sum, the Court finds that the ALJ did not err in her reliance on the particular hypothetical questions she posed to the vocational expert.

V. CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiff's Motion for Summary Judgment [R. 12] be DENIED, Defendant Commissioner's Motion for Summary Judgment [R. 16] be GRANTED, and that Judgment be entered affirming the final decision of the Commissioner.

Signed May 13, 2015.



Signed By:
*Edward B. Atkins* EBA
**United States Magistrate Judge**

9